**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 6 2019

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARLOS DIAZ, SCOTT BRYAN,                                        **PLAINTIFFS**
GILXAVIER PAGAN and CHANCE
MILLS, Each Individually and on
Behalf of All Others Similarly Situated

vs.                              No. 4:19-cv-*844* - *JM*

ASSEMBLERS, INC., and MICHAEL GIACCONE            **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiff Carlos Diaz, Scott Bryan, Gilxavier Pagan and Chance
Mills (collectively "Plaintiffs"), each individually and on behalf of all others similarly
situated, by and through their attorneys Lydia H. Hamlet and Josh Sanford of the
Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against
Defendants Assemblers, Inc., and Michael Giaccone (collectively "Defendants"), they do
hereby state and allege as follows:

This case assigned to District Judge _____
and to Magistrate Judge _____

## I.   PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs, each individually and on
behalf of all those similarly situated, against Defendants for violations of the minimum
wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
(the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*
(the "AMWA").

2.     Plaintiffs seek declaratory judgment, monetary damages, liquidated
damages, prejudgment interest, costs, and a reasonable attorney's fee, as a result of

Defendant's policy and practice of failing to pay Plaintiffs proper minimum wage and overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period

3.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged. Accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.    Defendant does business in this District as a display assembly company, and a substantial part of the events alleged herein occurred in this District.

7.    The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

8.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.    Plaintiff Carlos Diaz ("Diaz") is a citizen and resident of Pulaski County.

10.    Diaz was employed by Defendants as an Assembler from approximately May of 2017 until present.

11.    Plaintiff Scott Bryan ("Bryan") is a citizen and resident of Pulaski County.

12.    Bryan was employed by Defendants as an Assembler from approximately September of 2019 until October of 2019.

13.    Plaintiff Gilxavier Pagan ("Pagan") is a citizen and resident of Pulaski County.

14.    Pagan was employed by Defendants as an Assembler from approximately January of 2017 until June of 2017, and from June of 2019 until October of 2019.

15.    Plaintiff Chance Mills ("Mills") is a citizen and resident of Pulaski County.

16.    Mills was employed by Defendants as an Assembler from approximately March of 2018 until July of 2018.

17.    At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

18.    At all times material herein, Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA, § 207, and the AMWA, A.C.A. § 11-4-211.

19.    Defendant Assemblers, Inc. ("Assemblers"), is foreign, for-profit corporation, registered and licensed to do business in Arkansas.

20.    Assemblers's registered agent for service of process in Arkansas is Legalinc Corporate Services, Inc., at 1800 North Missouri Street, Suite 7, West Memphis, Arkansas 72301.

21.     Defendant Michael Giaccone ("Giaccone") is a citizen of the United States and a resident and domiciliary of Arkansas.

22.     Giaccone is the owner, principal, officer and/or director of Assemblers.

23.     Upon information and belief, Giaccone manages and controls the day-to-day operations of Assemblers, including but not limited to the decision to not pay Plaintiffs a sufficient wage.

24.     Defendants are an "employer" within the meanings set forth in the FLSA and the AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

25.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

26.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

27.     Defendants employed four or more individuals in each week in each of the three years preceding the filing of this Complaint.

## IV.     FACTUAL ALLEGATIONS

28.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

29.     Defendants own and operate a display and equipment assembly company.

30.     Plaintiffs worked as assemblers, which involved driving to customer locations, and preparation and assembly of items such as grills, basketball hoops, playgrounds, and game tables.

31.     Plaintiffs worked out of Defendants' location in Central Arkansas.

32.     Plaintiffs were required to drive to locations anywhere from 10 to 130 miles away.

33.     Plaintiffs and other assemblers were paid on a piece-rate basis by Defendants.

34.     Plaintiffs and other assemblers were paid a certain percentage of the price of each display they set up.

35.     Plaintiffs were not always reimbursed for mileage at the IRS standard business mileage rate.

36.     Including drive time and set up time, some jobs took up the entire workday.

37.     Plaintiffs were not paid a sufficient wage to fulfill minimum wage requirements for all hours worked.

38.     Plaintiffs and other assemblers regularly worked more than forty (40) hours in a workweek.

39.     Defendants had a practice of not paying Plaintiffs and other assemblers a lawful minimum wage for all hours worked up to forty (40) in one week or one and one-

half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per workweek.

40. Plaintiffs have worked several jobs for which they were not paid at all.

41. Diaz spent thirty-two (32) hours in mandatory training for which he was not paid.

42. Mills's first paycheck was deducted to pay for mandatory equipment which he never received.

43. At all relevant times herein, Defendants have deprived Plaintiffs and all others similarly situated of a proper minimum wage and overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

44. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiffs and all others similarly situated violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

46. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Plaintiffs brings their FLSA claim on behalf of all other assemblers employed by Defendants at any time within the applicable statute of limitations period, who were denied a proper minimum wage and overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful minimum wage for all hours worked and overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

48.      In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto written Consents to Join this lawsuit.

49.      The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

50.      The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were paid on a piece-rate basis;

B.      They had the same or similar job duties; and

C.      They were subject to Defendant's common practice of denying pay for some or all hours worked, including overtime pay for some or all hours worked over forty (40) per work week.

51.      Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds ten (10) persons.

52.      Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via

first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violations of the FLSA)

53.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

54.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

55.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

57.   29 U.S.C. §§ 206 and 207 requires employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

58.   Despite the entitlement of Plaintiffs to a lawful minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs a lawful minimum wage, and an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

59.   Defendants' failure to pay Plaintiffs minimum wages and overtime wages owed was willful, intentional, unreasonable, arbitrary and in bad faith.

60.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the past three (3) years.

61.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
## (Collective Action Claims for Violation of FLSA)

62.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

63.     Plaintiffs bring this collective action on behalf of all other Assemblers employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid minimum wages for all hours worked up to forty (40) and unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

64.     29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

65.     Defendants failed to pay these Assemblers a lawful minimum wage and an overtime premium for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

66.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All Assemblers who were paid on a piece-rate basis
within the past three (3) years.**

67.    Defendants' conduct and practice, as described above, has been and is
willful, intentional, unreasonable, arbitrary and in bad faith.

68.    By reason of the unlawful acts alleged in this Complaint, Defendants are
liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly
situated seek, unpaid wages, unpaid overtime wages, liquidated damages, and costs,
including reasonable attorney's fees as provided by the FLSA.

69.    Alternatively, should the Court find that Defendants acted in good faith in
failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs
and all those similarly situated are entitled to an award of prejudgment interest at the
applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violations of the AMWA)

70.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as
if fully set forth in this section.

71.    Plaintiffs assert this claim for damages and declaratory relief pursuant to
the AMWA.

72.    At all times relevant herein, Defendants were Plaintiffs' "employer" within
the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay
all employees a minimum wage for all hours worked up to forty (40) in one week and to
pay one and one-half (1.5) times regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74.     Defendants failed to pay Plaintiffs all wages owed, as required under the AMWA.

75.     Despite the entitlement of Plaintiffs to payment of a lawful minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiffs a lawful minimum wage and a lawful overtime premium.

76.     Defendants' conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

77.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

78.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Carlos Diaz, Scott Bryan, Gilxavier Pagan and Chance Mills, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer herein and for the following relief:

A.    That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.    A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.    A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid wages under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.    Judgment for damages for all unpaid wages under the AMWA and the related regulations;

G.    Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516. *et seq.*, in an amount equal to all unpaid wages owed to Plaintiffs and members of the collective members during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.    An order directing Defendants to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CARLOS DIAZ, SCOTT BRYAN,
GILXAVIER PAGAN and CHANCE
MILLS, Each Individually and on
Behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H. Hamlet
Ark Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CARLOS DIAZ, SCOTT BRYAN,**                                          **PLAINTIFFS**
**GILXAVIER PAGAN and CHANCE**
**MILLS, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                      No. 4:19-cv-*844-JM*

**ASSEMBLERS, INC., and MICHAEL GIACCONE**                 **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece rate worker for Assemblers, Inc., and Michael Giaccone within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Carlos Diaz*
**CARLOS DIAZ**

November 25, 2019

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CARLOS DIAZ, SCOTT BRYAN,**                                 **PLAINTIFFS**
**GILXAVIER PAGAN and CHANCE**
**MILLS, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                         No. 4:19-cv-*844-JM*

**ASSEMBLERS, INC., and MICHAEL GIACCONE**              **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece rate worker for Assemblers, Inc., and Michael Giaccone within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**CHANCE MILLS**

November 26, 2019

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CARLOS DIAZ, SCOTT BRYAN,**                                    **PLAINTIFFS**
**GILXAVIER PAGAN and CHANCE**
**MILLS, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                              No. 4:19-cv-*844-JM*

**ASSEMBLERS, INC., and MICHAEL GIACCONE**              **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece rate worker for Assemblers, Inc., and Michael Giaccone
within the past three (3) years. I understand this lawsuit is being brought under the Fair
Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this
lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement
of this action or adjudication by the Court.



**GILXAVIER PAGAN**

November 26, 2019

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARLOS DIAZ, SCOTT BRYAN,                                          **PLAINTIFFS**
GILXAVIER PAGAN and CHANCE
MILLS, Each Individually and on
Behalf of All Others Similarly Situated

vs.                                    No. 4:19-cv-*844-JM*

ASSEMBLERS, INC., and MICHAEL GIACCONE                             **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece rate worker for Assemblers, Inc., and Michael Giaccone within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**SCOTT BRYAN**

November 25, 2019

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**